SHELTON IMPLEMENT COMPANY, APPELLANT, V. PARLOR FURNITURE & MATTRESS COMPANY ET AL., APPELLEES.

FILED JUNE 22, 1907.    No. 14,883.

Trover: REVIEW. The rulings of the trial court upon instructions tendered and upon the admission and rejection of evidence examined, and *held* without error.

APPEAL from the district court for Buffalo county: BRUNO O. HOSTETLER, JUDGE. *Affirmed.*

*E. C. Calkins,* for appellant.

*J. F. Walker, Hamer & Hamer* and *C. A. Robinson, contra.*

EPPERSON, C.

The defendant Parlor Furniture & Mattress Company held a judgment against Washburn & Company, and on January 11, 1904, issued an execution thereon, under which the defendant Oliver, a constable, seized a stock of goods as the property of the judgment debtor. On January 28 the judgment was vacated on motion of the debtor and the execution recalled. The creditor secured a writ of attachment, which, on the same day, was levied upon the same property by the constable. The plaintiff sued the Parlor Furniture & Mattress Company, the constable, and his bondsmen for conversion of the goods, claiming that it bought the goods from the debtor on January 11, 1904, in consideration of rent payable to plaintiff under a lease expiring December 31, 1904. Defendants prevailed in the lower court, and plaintiff appeals.

The court refused the third instruction requested by plaintiff, which was in substance that it was the duty of the officer to return the property to the debtor or his assigns upon a recall of the execution, and, if the transfer to plaintiff was found to be valid, then their verdict should be for plaintiff. This instruction is not objectionable, but it was unnecessary, as the court instructed the jury that, if they found the plaintiff was the owner of the goods when the writ of attachment was levied, their verdict should be for the plaintiff.

Plaintiff alleges error in the admission in evidence of the writ of attachment and the affidavit for attachment. As the pleadings admitted the levy of the attachment, this error was without prejudice.

On cross-examination Washburn, manager of the debtor company, was questioned as to the company's indebtedness to several creditors. This we consider not improper, as the witness had previously testified as to the transfer to plaintiff and as to the value of the stock. The cross-examination brought out circumstances tending to show the good faith of the transfer.

Plaintiff's manager was asked on cross-examination if he rented the property described in the debtor's lease to another in September, 1904. This also was proper. Plaintiff contends that for the rental of 1904 he received a conveyance of the goods in controversy. The objectionable evidence tended to prove plaintiff's possession of the leased premises, and thereby to disprove the exchange.

Plaintiff objected to the introduction of all evidence by the defendants, contending that the answers did not state a defense. The answers contained a general denial of plaintiff's cause of action, and alleged the facts relative to the Parlor Furniture & Mattress Company's debt, the execution, attachment, and seizure and sale of the goods, and further alleged that plaintiff's pretended purchase was for the purpose of and with the intent to hinder, delay and defraud the furniture company. The general denial was sufficient to permit the introduction of the greater portion of defendants' evidence, and it mostly went to the fact of a sale to plaintiff of the goods in controversy. The answer as a whole is not subject to plaintiff's objection.

Plaintiff also contends that there was no evidence to support a finding that the transfer to it was not valid and subject to the lien of the execution, and that, having been dissolved, plaintiff's title became absolute. The evidence does not support plaintiff's contention that he bought subject to the execution. On the contrary, if he purchased at all, it was an absolute purchase on January 11, 1904, the date the execution was levied. The evidence was all directed to this transaction. That of the defendants was in part to the effect that plaintiff was present immediately

after the levy and made no claim to the property in controversy, but did claim a few goods in the same room, and made the statement that he did not have any claim upon the goods in controversy. There was ample evidence to support a finding that there was not a valid contract of purchase made by the plaintiff. The questions involved were properly submitted to the jury.

Other assignments are called to our attention, but cannot be considered for the reason that no exceptions were taken, or the alleged errors were not called to the attention of the trial court in the motion for new trial.

We recommend that the judgment of the district court be affirmed.

DUFFIE and GOOD, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.